IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA   )
  )
v.   )      CASE NO. 3:25-cr-245-RAH
  )
KENNETH BYRON HALSEY   )

## **ORDER**

On August 4, 2025, Halsey filed a motion to suppress (doc. 31), in which he sought to suppress all items seized, statements made, and any video or audio recordings obtained as the result of searches conducted on April 19, 2024, and September 20, 2024. Halsey contends all evidence seized and the fruits thereof should be suppressed because the search and seizure violated the Fourth Amendment to the United States Constitution. Specifically, Halsey asserted that the search warrant application failed to support the issuance of a no-knock warrant and that the confidential-informant video referenced in the application did not include any evidence of illegal activity. The Government conceded that the motion to suppress the fruits of the April 19, 2024, search should be granted; thus, only the September 2024 search is at issue.

The Magistrate Judge held an evidentiary hearing wherein he considered the parties' legal arguments and reviewed evidence, including the video. On September 15, 2025, the Magistrate Judge recommended (doc. 49) that Defendant Kenneth

Byron Halsey's Motion to Suppress (doc. 31) be granted with respect to the April 19, 2024, search and denied with respect to the September 20, 2024, search. On October 1, 2025, Halsey filed Objections (doc. 64) to the Magistrate Judge's Recommendation to deny the Motion to Suppress the evidence related to the September 20, 2024, search. Halsey also filed a Supplemental Motion in Support for Court to Order a *Franks* Hearing. (Doc. 66.)

The Magistrate Judge reopened the suppression hearing for the purpose of allowing the officer to testify and to consider the *Franks* motion. Upon considering the evidence presented during the supplemental hearing, the Magistrate Judge recommended that the Motion to Suppress with respect to the September 2024 search should be denied.[1] (Doc. 80.) There are no objections to the Magistrate Judge's Supplemental Recommendation.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation de novo. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

---

[1] Attorney Karen Jackson initially represented Defendant Halsey and filed the motions on his behalf. On March 10, 2026, the Court granted her request to withdraw as counsel. Thereafter, retained counsel entered an appearance in this case.

De novo review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). "[A]lthough *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record." *Id.* (citation omitted). If the Magistrate Judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* In this case, the Court has conducted a complete and careful review of the record here, including the transcript of the suppression and *Franks* hearings. It has also reviewed de novo those portions of the Magistrate Judge's findings and recommendations to which Halsey objects. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

This Court has reviewed the Motion to Suppress and Supplemental Motion, the Recommendations, and Objections, the transcripts of the hearings, and the evidence. This Court agrees with the Magistrate Judge's determination that the affidavit contains sufficient information about the controlled buy to establish probable cause while shielding the identity of the informants, that no statements from the informants are included in the affidavit, and that their credibility is not relied on to establish probable cause. As noted by the Magistrate Judge, although Halsey may attack the persuasiveness of the video at trial, there are no material

misrepresentations or omissions in the warrant that could serve as grounds to suppress.

The Magistrate Judge found that the investigator's testimony was credible. This Court "defer[s] to the magistrate judge's [credibility] determinations unless his understanding of the facts appears to be 'unbelievable.'" *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (citation omitted); *see also United States v. Figueroa*, 419 F. App'x 973, 978 (11th Cir. 2011) (per curiam). Upon review of the transcript from the suppression and supplemental hearings, the Magistrate Judge's Recommendation, and Halsey's objections, the Court concludes that the Magistrate Judge's conclusion that the investigator was credible is supported by the record and not unbelievable.

## CONCLUSION

For the reasons stated, it is

ORDERED as follows:

1. To the extent Defendant Halsey objects to the Magistrate Judge's Recommendation (Doc. 49), the Objections (Doc. 64) are OVERRULED;

2. To the extent Defendant Halsey seeks to suppress fruits of the April 19, 2024, search, the Motion to Suppress (Doc. 31) is GRANTED;

3. To the extent Defendant Halsey seeks to suppress fruits of the September 20, 2024, search, the Motion to Suppress (Doc. 31) is DENIED; and

4

4.  The Supplemental Motion in Support for Court to Order a *Franks* Hearing

(Doc. 66) is DENIED as moot.

DONE, on this the 5th day of May 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE